IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRIAN KEITH BLOUNT, SR.                                                                    PLAINTIFF

v.                            Civil No. 2:14-cv-02228

S. RYAN NORRIS (Crawford
County Public Defender)                                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Brian Keith Blount, an inmate of the Crawford County Detention Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He names as Defendant, S. Ryan Norris, a Crawford County public defender. The Complaint was filed *in forma pauperis* (IFP) subject to a later determination of whether it should be served upon the Defendant.

### I. Discussion

Plaintiff claims his lawyer, S. Ryan Norris, a public defender, is not providing him with adequate representation. As relief, he asks the court to provide monetary damages.

To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

## II. Conclusion

I recommend that this action be dismissed for failure to state a claim and because it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (in forma pauperis action may be dismissed on such grounds at any time).

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED this 27th day of March, 2015.**

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE